Filed 12/16/20  P. v. Henning CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>  v.<br><br>WILLIAM LESLIE HENNING,<br><br>        Defendant and Appellant. | C091129<br><br>(Super. Ct. No. 18F3592) |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Having reviewed the record as required by *Wende*, we affirm.

BACKGROUND

In March of 2018, defendant William Leslie Henning moved in with J.H., an elderly woman, to help during her recovery from a broken hip.  Defendant consumed alcohol daily and often became angry at J.H. and verbally abusive towards her.  On May 3, 2018, defendant approached 83-year-old J.H. from behind and placed both hands

1

around her neck. Defendant began squeezing her throat; J.H. was unable to breath and was afraid that she might die and fell to the floor. J.H. sustained a large bruise on her upper chest area, as well as a bruise on her chin.

On July 2, 2018, the prosecutor filed an information alleging that defendant had committed one count of elder abuse on J.H. (Pen. Code, § 368, subd. (b)(1)),[1] one count of misdemeanor theft from J.H. (§ 368, subd. (d)), and three counts of unauthorized use of J.H.'s personal identifying information to obtain credit. (§ 530.5.) Defendant pleaded no contest to one count of elder abuse (§ 368, subd. (b)(1)) on August 24, 2018, with the understanding that he would be placed on formal probation for three years, but could face a maximum of four years in prison if he did not satisfy the terms of probation. The remaining counts were dismissed. Defendant was released and ordered to return on October 16, 2018, for sentencing. Defendant did not appear at the sentencing hearing. The court issued a bench warrant and defendant evaded process for almost a year before being arrested.

On September 25, 2019, defendant admitted that he violated the waiver under *People v. Cruz* (1988) 44 Cal.3d 1247. Defendant moved the court to appoint new counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118; the court held a hearing and denied the request. On December 10, 2019, the court sentenced defendant to the upper term of four years in prison for elder abuse.

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and asked this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within

---

[1]     Undesignated statutory citations are to the Penal Code.

30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


                                        KRAUSE , J.


We concur:


RAYE , P. J.


RENNER , J.